## Chappell v. Chappell

*Kenneth F. Lee,* for plaintiff.
*Jerry A. Weigle,* for respondents.

KELLER, *J.,* November 9, 1981—Diane L. Chappell, plaintiff, filed her complaint in divorce under section 201(c) and 201(d) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §201(c),(d), in the office of the prothonotary on November 20, 1980. On May 1, 1981, plaintiff and defendant, each being represented by counsel, entered into a comprehensive post-marital separation, property settlement and child custody agreement, and it was filed in the office of the prothonotary on June 26, 1981. Affidavits of consent under section 201(c) of the Divorce Code were executed by defendant on June 22, 1981, and plaintiff on June 25, 1981, and filed in the office of the prothonotary on June 26, 1981, together with a motion of counsel for plaintiff alleging the marriage to be irretrievably broken, 90 days elapsed, and praying that a decree divorcing the parties be granted. June 26, 1981 was a Friday. The pleadings in this divorce action were delivered to the chambers of the undersigned judge for review and appropriate action. At about 9:30 p.m. on June 28, 1981 defendant, George E. Chappell died in a motor vehicle accident.

At the time of the death of defendant this court had not had an opportunity to review the pleadings and supporting documents in the divorce action,

and had taken no action on the motion of plaintiff's counsel that a decree in divorce be granted. On June 29, 1981, counsel for plaintiff advised the court of the death of defendant, and learned that the court had not reviewed the proceedings in the matter or ruled upon plaintiff's motion.

On August 21, 1981, counsel for plaintiff presented plaintiff's petition for a rule to show cause upon defendant's heirs and assigns, and his counsel of record why she should not be permitted to withdraw her motion for a divorce, and an order was signed the same date granting the issuance of the rule. The answer of the parents of deceased defendant was filed on September 25, 1981. Under new matter respondents alleged that the court is required to enter a final decree in divorce under Pa.R.C.P. 1920.42(a)(1) if the complaint and affidavits are in compliance with section 201(c) of the Divorce Code, and therefore this court is required to enter a final decree in divorce in the matter.

Briefs were submitted and arguments heard on the petition and answer on November 5, 1981, and the matter is ripe for disposition.

Preliminarily, it is noted that there is absolutely no evidence of the service of the complaint in divorce on defendant and the docket in the prothonotary's office fails to reflect that service.

Pa.R.C.P. 1920.42(a)(1) provides:

"If a complaint has been filed requesting a divorce on the grounds of irretrievable breakdown and both parties have filed an affidavit under Section 201(c) of the Divorce Code evidencing consent to the entry of a final decree, the court on motion of either party or its own motion shall review the complaint and affidavits. If in compliance with Section 201(c), the court shall enter a final decree."

In reliance on the foregoing counsel for respon-

dent contends that the function of the court in granting a final decree of divorce under section 201(c) is entirely ministerial rather than judicial. Therefore, the decree was ripe for granting immediately upon the filing of the motion with the necessary affidavits, and it should now be granted notwithstanding the intervening death of defendant.

We do not agree with the contention that the granting of a decree in divorce under Pa.R.C.P. 1920.42(a)(1) is entirely a ministerial act, for counsel ignores the mandate of the rule that "the court . . . *shall* review the complaint and affidavits" (italics supplied.) The case at bar is a classic example of precisely why the granting of a divorce decree cannot be considered a ministerial act. Here, the record discloses no evidence that the complaint in divorce was served upon defendant. Pa.R.C.P. 1920.42, inter alia, sets forth in detail the procedure for the service of a complaint in divorce. Neither under that rule nor any other rule is service of the complaint excused. Thus, it would have been the responsibility of this court upon the review mandated by Pa.R.C.P. 1920.42(a)(1) to have remanded the entire matter to counsel for plaintiff to establish that service of the complaint had, in fact, been made or to follow the ncessary procedures for securing jurisdiction of defendant.

In the case at bar, this court could not as a matter of law have entered a final decree in divorce at any time prior to the death of defendant. Upon the death of Mr. Chappell the marriage of the parties was terminated by that death, and the entry of a decree subsequent to that date would be of no legal effect.

Present counsel for plaintiff has argued that it was unnecessary for plaintiff to petition to withdraw her motion for a divorce because of the termination of the marriage by reason of defendant's death; and it would have been sufficient as a matter

of law to file a suggestion of defendant's date of death which would have had the effect of abating the above-captioned proceeding. This would appear to be correct. However, original counsel for plaintiff out of an over abundance of concern for the rights of all parties elected to proceed by way of the petition to withdraw the motion for divorce, and we do not find this to be in error since it did present potential heirs at law of defendant the opportunity to have their day in court.

## ORDER

Now, November 9, 1981, the rule is made absolute and plaintiff's motion for a divorce is deemed withdrawn.

Exceptions are granted respondents.